DANIEL MAGALIFF, Appellant, v. NEW YORK LIFE INSURANCE COMPANY, Respondent.— In an action to recover disability benefits provided for in a policy on the plaintiff's life, order denying plaintiff's motion to strike out the defenses contained in the answer reversed upon the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to defendant to serve an amended answer, if so advised, within ten days upon payment of costs. In our opinion, the surrender and cancellation of the policy does not prevent recovery by plaintiff for the disability benefits already accrued at the time of such surrender and cancellation. (*Duncan* v. *N. Y. M. Ins. Co.,* 138 N. Y. 88; *Rosenbaum* v. *National Acc. Soc.,* 167 N. Y. Supp. 325 [not officially published].) The defense of the Statute of Limitations under section 92 of the Insurance Law is also insufficient because that statute relates to actions upon forfeited policies, and the present action is not upon a forfeited policy. Young, Hagarty and Carswell, JJ., concur; Lazansky, P. J., and Davis, J., dissent: We are of opinion that the first defense is good. The plaintiff obtained an extension of the life of the policy by giving a note secured by the policy, in payment of premium. He did not pay the note. Then he elected to take the surrender value of the policy and have that amount applied to the payment of the premium of another policy which might have lapsed otherwise, thereby securing his own protection. The policy in suit was canceled with his consent and for his benefit. He had theretofore recognized the obligation to pay the premium thereon by giving the note. There was no lack of knowledge or mistake of fact in reaching the agreement to cancel. The plaintiff at that time was obviously not asserting any rights under the policy. If any benefits under the policy had " accrued " he was at liberty to waive them or surrender them for a new consideration. Whether this consideration was adequate is a question of fact. If the first defense is good, so is the second, for the policy is " forfeited " by non-payment of premium and by surrender for cash value. We are, of course, speaking only in respect to a pleading.

MARILYN MENDLEY, an Infant, under Fourteen Years of Age, by LEWIS B. MENDLEY, Her Guardian ad Litem, and LEWIS B. MENDLEY, Respondents, v. BETHPAGE CORPORATION, Appellant.—Action for injuries suffered as a consequence of an attack by a dog harbored by the defendant. Judgment for the infant plaintiff, Marilyn Mendley, for injuries suffered, and for her father, Lewis B. Mendley, for loss of services and expenses incurred in effecting a cure, unanimously affirmed, with costs. No opinion. Appeal from order denying motion to set aside the verdict dismissed. There is no such order in the record. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ.